UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES DONALDSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1896** |
| **N. BURL CAIN, WARDEN** | **SECTION: "E"(3)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

Petitioner, James Donaldson, is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. On May 27, 2010, he was convicted of possession with intent to distribute cocaine.[1] On December 13, 2010, he was found to be a third offender and was sentenced as such to a term life imprisonment without benefit of probation, parole, or suspension of sentence.[2] On September 14, 2011, the Louisiana First Circuit Court of Appeal affirmed his

---

[1] State Rec., Vol. 3 of 6, trial transcript, p. 690; State Rec., Vol. 1 of 6, minute entry dated May 27, 2010; State Rec., Vol. 1 of 6, jury verdict form.
[2] State Rec., Vol. 3 of 6, transcript of December 13, 2010; State Rec. Vol. 1 of 6, minute entry dated December 13, 2010; State Rec., Vol. 1 of 6, Reasons for Judgment.

conviction, habitual offender adjudication, and sentence.[3]  The Louisiana Supreme Court then denied his related writ application on March 9, 2012.[4]

On March 5, 2013, petitioner filed an application for post-conviction relief with the state district court.[5]  That application was denied on May 3, 2013.[6]  His related writ applications were thereafter likewise denied by the Louisiana First Circuit Court of Appeal on August 27, 2013,[7] and by the Louisiana Supreme Court on May 23, 2014.[8]

On August 12, 2014, petitioner filed the instant federal application for habeas corpus relief.[9]  The state filed a response arguing that (1) the application is untimely, (2) some of petitioner's claims are unexhausted, and (3) his exhausted claims have no merit or are procedurally barred.[10]  Petitioner filed a reply to the state's response.[11]

## **Timeliness**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his

---

[3] State v. Donaldson, No. 2011 KA 0326 (La. App. 1st Cir. Sept. 14, 2011); State Rec., Vol. 4 of 6.
[4] State v. Donaldson, 84 So.3d 550 (La. 2012); State Rec., Vol. 4 of 6.
[5] State Rec., Vol. 4 of 6.  Federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system."  Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  Petitioner signed his application on March 5, 2013, and the undersigned assumes for the purposes of this decision that the application was placed in the prison mail system on that same date.  The application was actually received by the Clerk of Court on March 7, 2013.
[6] State Rec., Vol. 4 of 6, Order dated May 3, 2013.
[7] State v. Donaldson, No. 2013 KW 0967 (La. App. 1st Cir. Aug. 27, 2013); State Rec., Vol. 4 of 6.
[8] State ex rel. Donaldson v. State, 140 So.3d 718 (La. 2014); State Rec., Vol. 4 of 6.
[9] Rec. Doc. 5.  "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court."  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).  Petitioner has declared under penalty of perjury that he placed his application in the prison mailing system on August 12, 2014.  Rec. Doc. 5, p. 8.
[10] Rec. Docs. 13 and 14.
[11] Rec. Doc. 15.

underlying criminal judgment becomes "final." 28 U.S.C. § 2244(d)(1)(A).[12] On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

As noted, the Louisiana Supreme Court denied petitioner relief on direct review on March 9, 2012, and so his state criminal judgment became final for federal purposes ninety days later on June 7, 2012. Accordingly, his federal limitations period commenced on that date and then expired one year later, unless that deadline was extended by tolling.

Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

After two hundred seventy (270) days elapsed, petitioner tolled his federal limitations period by filing a post-conviction application with the state district court on March 5, 2013. Although the state district court denied that application on May 3, 2013, the general rule is that tolling continues uninterrupted for the *duration* of the post-conviction proceedings, so long as a

---

[12] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

petitioner seeks supervisory review in a timely manner. <u>Grillette v. Warden, Winn Correctional Center</u>, 372 F.3d 765, 769-71 (5th Cir. 2004).

Here, however, the state argues that tolling ceased due to defects in the related writ application filed with the Louisiana First Circuit Court of Appeal. The state argues that, even if that application was *timely* filed, tolling was nevertheless interrupted because it was not *properly* filed. Specifically, the state notes that petitioner failed to comply with Rule 4-5 of the Uniform Rules of Louisiana Courts of Appeal, which requires that writ applications include certain portions of the lower court record. In denying relief, the Court of Appeal did in fact hold:

> **WRIT DENIED IN PART AND DENIED ON THE SHOWING MADE.** Relator's claims of ineffective assistance counsel and his claim regarding the sufficiency of the evidence introduced by the state are denied on the showing made as relator failed to include a copy of all pertinent transcripts and/or minute entries, the bill of information, and any other portions of the district court record that might support these claims. Supplementation of this writ application and/or an application for rehearing will not be considered. See Uniform Rules of Louisiana Courts of Appeal, Rules 2-18.7 & 4-9. Any future filing on this issue should include the entire contents of this application, the missing items noted above, and a copy of this ruling. In the event the relator elects to file a new application with this Court, the application must be filed on or before October 22, 2013. In all other respects, relator's application is denied.[13]

As he concedes in his reply to the state's response, petitioner chose not to submit a new application to the Court of Appeal.[14]

The state opines that because the foregoing writ application was not "properly filed," it did not toll the federal limitations period. It is true that, by its very terms, § 2244(d)(2) requires that an application be "properly filed" in order to warrant tolling. However, as the United States Fifth Circuit Court of Appeals has explained: "A state post-conviction application is 'properly filed'

---

[13] <u>State v. Donaldson</u>, No. 2013 KW 0967 (La. App. 1st Cir. Aug. 27, 2013); State Rec., Vol. 4 of 6.
[14] Rec. Doc. 15, p. 10

for purposes of § 2244(d)(2) if it was submitted according to the state's procedural requirements. Procedural filing requirements are those prerequisites that must be satisfied before a state court will allow a petition to be filed and *accorded some level of judicial review*." Wilson v. Cain, 564 F.3d 702, 704 (5th Cir. 2009) (citation and quotation marks omitted; emphasis added).

Here, there is no question that the Louisiana First Circuit Court of Appeal accorded petitioner's writ application a level of review – although the defects in the application left the court unable to review *some* of his claims (specifically including his claims of ineffective assistance of counsel), the court was nevertheless able to review and deny other claims. In such a situation, the filing continues to toll the limitations period. See Bridges v. Cain, Civ. Action No. 12-2684, 2014 WL 3702680, at *16 (E.D. La. July 24, 2014).

Beacuse petitioner must be granted tolling credit for the writ application filed with the Court of Appeal, and because the state does not challenge either the timeliness or propriety of the related Supreme Court writ application, the undersigned finds that the limitations period remained tolled throughout the entire duration of the post-conviction proceedings until the Louisiana Supreme Court ultimately denied relief on May 23, 2014. When the limitations period then resumed running at that point, petitioner had ninety-five (95) days remaining. Accordingly, his federal application had to be filed on or before August 26, 2014. Petitioner's federal application was filed on August 12, 2014, and, therefore, it is timely.

## Exhaustion

The state next argues that petitioner failed to exhaust his remedies in the state courts. Regarding the exhaustion requirement, the United States Supreme Court has explained:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial

proceedings. Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

Rose v. Lundy, 455 U.S. 509, 518 (1982) (citations, footnote, quotation marks, and brackets omitted).

In the instant federal application, petitioner lists ten claims:[15]

1.  The trial court erroneously granted an unwarranted challenge for cause.

2.  Petitioner was denied his right to confront his accusers.

3.  The trial erred in allowing the admission of evidence concerning other crimes.

4.  There was insufficient evidence to support petitioner's conviction.

5.  Petitioner was denied his right to the effective assistance of counsel, in that counsel was not present for a pretrial hearing.

6.  Petitioner was denied his right to the effective assistance of counsel, in that counsel failed to adequately investigate the case and present a defense.

7.  Petitioner was denied his right to the effective assistance of counsel, in that counsel failed to properly advise petitioner to accept a plea bargain offered by the state.

8.  Petitioner was denied his right to the effective assistance of counsel, in that counsel failed to challenge the prosecutor's improper statements, comments, and expression of personal opinions to the jury.

---

[15] Rec. Doc. 5, pp. 11-12.

      9.      The trial court erroneously granted an unwarranted challenge for cause.[16]

      10.     Petitioner's rights were violated by the state's offering of evidence that was mishandled, undocumented, manipulated, and tampered with by police at the time of the arrest.[17]

In its response, the state concedes that petitioner's first four claims were exhausted on direct appeal. However, the state argues that petitioner's ineffective assistance of counsel claims, which were first asserted in the post-conviction proceedings, are unexhausted because they were not *fairly presented* to the Louisiana First Circuit Court of Appeal. Therefore, the state opines that petitioner's application is a "mixed" petition and should be dismissed that basis. On that point, the state is correct.

Fair presentation is indeed required for exhaustion. As the United States Supreme Court has explained:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'"opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (*per curiam*) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). To provide the State with the necessary "opportunity," the prisoner must *"fairly present"* his claim *in each appropriate state court* (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. Duncan, *supra*, at 365-366, 115 S.Ct. 887; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

Baldwin v. Reese, 541 U.S. 27, 29 (2004) (emphasis added). Further, in order to meet the fair presentation requirement, a petitioner must have presented his claim to the state courts "in a

---

[16] This claim is essentially a reassertion of Claim No. 1, along with an additional contention that appellate counsel failed to "fully litigate" this claim on direct appeal. See Rec. Doc. 5, pp. 39-41.

[17] In his discussion of this claim, petitioner also again argues that his appellate counsel failed to "fully litigate" this claim on direct appeal. See Rec. Doc. 5, pp. 42-44.

procedurally proper manner *according to the rules of the state courts*." Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988) (quotation marks omitted; emphasis added); see also Carty v. Thaler, 583 F.3d 244, 254 (5th Cir. 2009) ("Fair presentation does not entertain presenting claims for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor. The purposes of the exhaustion requirement would be no less frustrated were we to allow federal review to a prisoner who had presented his claim to the state court, but in such a manner that the state court could not, consistent with its own procedural rules, have entertained it." (citation and quotation marks omitted)).

Here, the state argues that petitioner's post-conviction claims were not fairly presented to the Louisiana First Circuit Court of Appeal because he failed to comply with Rule 4-5 of the Uniform Rules of Louisiana Courts of Appeal, which requires that writ applications include certain portions of the lower court record. As previously noted, the Court of Appeal did in fact expressly hold that it was unable to review some of petitioner's post-conviction claims *(specifically including his ineffective assistance of counsel claims)* on that basis, and the Court of Appeal gave him the opportunity to remedy that defect by submitting a new application conforming to the state court rules.[18] Again, as noted, petitioner candidly concedes that he chose not to avail himself of that opportunity.[19]

---

[18] State v. Donaldson, No. 2013 KW 0967 (La. App. 1st Cir. Aug. 27, 2013); State Rec., Vol. 4 of 6.
[19] Rec. Doc. 15, p. 10. In his reply, petitioner further attempts to challenge the Court of Appeal's judgment, alleging that the supporting documents *were* included with the writ application he submitted to the Court of Appeal. However, the undersigned need not and does not reach that issue – regardless of what petitioner contends he *submitted*, the Court of Appeal expressly notified him that the writ application it *actually received* did *not* include those documents. Further, it was petitioner's unilateral decision to ignore the Court of Appeal's notice and to decline the invitation to submit a new compliant writ application; therefore, the consequences of that inaction rests squarely and solely on his shoulders.

In light of the foregoing, it is clear that petitioner failed to accord the Louisiana First Circuit Court of Appeal a fair opportunity to review his ineffective assistance of counsel claims. Therefore, as the state correctly argues, those claims are unexhausted.  See Evans v. Rader, Civ. Action No. 13-0196, 2013 WL 2154124, at *2-3 (E.D. La. Apr. 23, 2013); Murphy v. Cooper, Civ. Action No. 12-1339, 2012 WL 5463864, at *5 (E.D. La. Oct. 1, 2012), adopted, 2012 WL 5463857 (E.D. La. Nov. 8, 2012); accord Bridges v. Cain, Civ. Action No. 12-2684, 2014 WL 3702680, at *17 (E.D. La. July 24, 2014).

Because petitioner's federal application contains both exhausted and unexhausted claims, it is a "mixed" petition and should be dismissed on that basis.  Rose v. Lundy, 455 U.S. 509, 522 (1982) ("[B]ecause a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims."); see also Pliler v. Ford, 542 U.S. 225, 230 (2004) ("Under Rose, federal district courts must dismiss mixed habeas petitions."); Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998) ("A habeas petition containing both exhausted and unexhausted claims is a 'mixed' petition which should be dismissed without prejudice.").

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by James Donaldson be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[20]

New Orleans, Louisiana, this twenty-fourth day of June, 2016.

                                               *Daniel E. Knowles, III*

                                               **DANIEL E. KNOWLES, III**
                                               **UNITED STATES MAGISTRATE JUDGE**

---

[20] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.